STATE v. JOHN KUNZ.[1]

November 20, 1903.

Nos. 13,710—(19).

**Indictment.**

It is not necessary, in an indictment under G. S. 1894, § 6534, for the crime of taking indecent liberties with or on the person of a female child under the age of consent, to allege the particular acts of the defendant constituting such indecent liberties; but it is necessary to allege that such acts did not amount to a rape, or an assault or attempt to commit rape.

**Same—Public Offense.**

The indictment herein *held* to state facts constituting the crime of an assault on a female child under the age of consent, with intent to carnally know and abuse her; but it does not state a public offense, under the provisions of G. S. 1894, § 6534.

Upon the trial of defendant in the district court for Brown county under the indictment set forth in the opinion, objection was interposed

1 Reported in 97 N. W. 131.

to the introduction of any evidence on the ground that the facts alleged in the indictment did not constitute a public offense. The court, Webber, J., overruled the objection, and thereupon, on motion, certified the case to the supreme court for review. Decision affirmed, and case remanded.

*W. B. Douglas,* Attorney General, *C. W. Somerby,* Assistant Attorney General, and *Einar Hoidale,* County Attorney, for the State.

*Jos. A. Eckstein,* for defendant.

START, C. J.

The grand jury of the county of Brown returned into the district court of the county an indictment against the defendant, accusing him of the crime of taking indecent liberties with the person of a female child under the age of fourteen years. The indictment charged that at a time stated, and at a place within the county, the defendant did unlawfully and feloniously take indecent liberties with and on the person of a female child (naming her), who was then under the age of fourteen years, to wit, of the age of seven years, with intent to then and there carnally know and abuse her, and concluded contrary to the statute, and against the peace and dignity of the state of Minnesota. The defendant pleaded to the indictment, "Not guilty," a jury was impaneled to try the cause, and after the first witness was sworn the defendant objected to the introduction of any evidence for the reason that the facts alleged in the indictment did not constitute a public offense. The trial court overruled the objection, but, deeming the question important and doubtful, it certified the question to this court, pursuant to G. S. 1894, § 7395.

Although the court certifies four questions, the record presents for our decision the one general question, does the indictment state facts sufficient to constitute a public offense? All of the other questions certified are included in this general one. It is assumed by the defendant, and seems to be conceded by the state, that the statute upon which the indictment is based is G. S. 1894, § 6534, which is in these words:

> "A person who takes any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to a rape, an attempt to commit a rape, or an assault with intent to

commit a rape, or any person who takes such indecent liberties with or on the person of any female child under the age of fourteen years, without regard to whether she consents to the same or not, is guilty of a felony."

The defendant claims that the indictment charges more than one offense. Such is not the case; but, were it otherwise, the question could only be raised on demurrer. G. S. 1894, §§ 7293, 7301.

He further urges that the indictment is defective because it does not state the particular acts which constitute the alleged indecent liberties. The claim is without merit, for the term "indecent liberties," when used with reference to a woman, old or young, is self-defining; and it would be as unnecessary and as indecent to allege the defendant's particular acts as it would be, if he were charged with rape, or carnally knowing or abusing a female child under the age of consent, to set forth the evidence in the indictment.

The last objection made by the defendant to the indictment is to the effect that the offense of taking indecent liberties with a female child, as defined by the statute, is qualified by the exceptions as to indecent liberties contained in the first clause of the section, and that the indictment should allege that the indecent liberties complained of did not amount to a rape, or an assault or attempt to commit rape.

If the indictment can only be sustained as one based upon G. S. 1894, § 6534, the objection is valid. This conclusion logically follows from a reading of the section in connection with other provisions of the penal code. All liberties unlawfully taken with or on the person of a female child under the age of consent are per se indecent, for they shock the sense of decency in people generally. But it was not the purpose of the statute under consideration to bring within its purview all indecent liberties that might be taken on the person of such children, and punish the offense only as therein provided. The punishment of the crime of taking indecent liberties upon a woman, old or young, when the acts amount to rape, or an assault or attempt to commit rape, is provided for by other provisions of the penal code, and is not included in the statute in question. G. S. 1894, §§ 6523–6534. Now the purpose of section 6534 is manifest. It is to make the taking of indecent liberties with or on the person of a female child under the age

of consent which do not amount to rape, or an assault or attempt to commit such crime, a felony, leaving the offense to be punished by G. S. 1894, § 6296.

It follows that only such indecent liberties are within the purview of the statute as did not constitute a felony before its enactment, and that the words "such indecent liberties," in the last clause of the section, refer to the indecent liberties mentioned in the first clause thereof, which are those not amounting to a rape, or an assault or attempt to commit a rape. Or in other words, the exceptions in the first clause of the section are a part of the definition of the offense declared to be a felony in the last clause thereof; hence it was necessary to negative them in the indictment, so as to show upon its face that the indecent liberties charged were within the statute. State v. Jarvis, 67 Minn. 10, 69 N. W. 474; State v. Corcoran, 70 Minn. 12, 72 N. W. 732; State v. Tracy, 82 Minn. 317, 84 N. W. 1015. We therefore hold that the indictment does not allege facts sufficient to constitute the public offense defined by G. S. 1894, § 6534.

It does not, however, follow from this conclusion that the indictment does not state facts constituting a public offense. The term "indecent liberties," when used with reference to a female child under the age of consent, is the legal equivalent of an assault or attempt on her person. State v. West, 39 Minn. 321, 40 N. W. 249. Hence the indictment, in legal effect, charges the defendant with an assault with intent to carnally know and abuse a female child under the age of fourteen years, to wit, of the age of seven years. It therefore alleges facts sufficient to constitute a public offense.

The decision of the trial court is affirmed, and case remanded for further proceedings.