## STATE v. MACMILLAN

No. 2637.   Decided January 27, 1915.   (145 Pac. 833.)

1. INDICTMENT AND INFORMATION — STATUTORY OFFENSES — INDICTMENT IN LANGUAGE OF STATUTE—"INDECENT ASSAULT"—"INDECENT LIBERTIES." An indictment in the language of Laws 1909, chapter 26, declaring that every person who shall assault a child under the age of 14 years, and shall take indecent liberties with or on the person of such child, without committing, intending, or attempting to commit the crime of rape or assault with intent to rape, shall be guilty of an indecent assault, is sufficient without alleging in what manner and under what circumstances accused took indecent liberties with the person of prosecutrix, for the crime is in its legal import an indecent assault, and the terms "indecent assault" and "indecent liberties" are convertible, and the term "indecent liberties" is self-defining, and the term "indecent assault" is but the statutory definition epitomized.[1]   (Page 21.)

2. CRIMINAL LAW—WITNESSES—COMPETENCY OF CHILD. The competency of a child to testify is within the discretion of the trial court, and its decision will not be disturbed, unless clearly abused.   (Page 22.)

3. WITNESSES — COMPETENCY — DISCRETION OF COURT. On a trial for taking indecent liberties with a child between seven and eight years old, the court may, in its discretion, permit the child, who was a "bright" girl, to testify.[2]   (Page 22.)

4. CRIMINAL LAW—INSTRUCTIONS—REQUESTS—NECESSITY. Failure of the court to charge on the good character of accused, proved by undisputed testimony, is not error, in the absence of a request therefor.   (Page 23.)

---

[1]*State* v. *Topham*, 41 Utah 39, 123 Pac. 888.

[2]*State* v. *Blythe*, 20 Utah 379, 58 Pac. 1108; *State* v. *Morasco*, 42 Utah 5, 128 Pac. 571.

Appeal from District Court, 3rd District; *Hon. M. L. Ritchie*, Judge.

D. MacMillan was convicted of a crime. He appeals.

AFFIRMED.

*Jos. W. Rozzelle* and *Willard Hanson* for appellant.

*A. R. Barnes*, Atty. Gen., and *E. V. Higgins* and *G. A. Iverson* Asst. Attys. Gen., for the State.

FRICK, J.

The defendant was convicted of the crime of having committed an "indecent assault" upon the person of a female child of the age of eight years, was sentenced to a term of imprisonment in the state prison, and appeals.

He was charged in the information as follows:

"That the said D. MacMillan, at the County of Salt Lake, in the State of Utah, on the 29th day of March, A. D. 1913, did willfully and feloniously make an assault upon ————, a female child under the age of 14 years, to wit, of the age of 8 years, and did then and there willfully, unlawfully, and feloniously take indecent liberties with the person of the said ———— without committing, or intending or attempting to commit, a crime of rape on the said ————, contrary," etc.

The information was based upon chapter 26, Laws Utah 1909, which reads as follows:

"Every person, who shall assault a child, whether male or female, under the age of fourteen years, and shall take indecent liberties with or on the person of such child, without committing, intending or attempting to commit the crime of rape, or the crime of assault with intent to commit rape, upon such child, with or without the child's consent, shall be deemed guilty of an indecent assault, and on conviction thereof shall be guilty of a felony."

It will be observed that the charge in the information is in the language of the statute.

The defendant, before pleading to the merits, interposed a demurrer to the information upon the grounds: (1) That the facts stated therein do not constitute a public offense; and (2) that the acts constituting the offense are not set forth in ordinary and concise language, and in such manner as to enable a person of ordinary understanding to know what is intended in this: That said information fails to state in what manner or under what circumstances the said defendant made the assault upon the said ———— (child), and fails to state in what manner or under what circumstances the said defendant took indecent liberties with the person of said ———— (child). The court overruled the demurrer, and the ruling is assigned as error.

It is insisted that to charge that the defendant did unlawfully, etc., "take indecent liberties with the person of said" child is a mere general statement and is insufficient to apprise the defendant of the particular acts with which he is charged. It is contended that the case of *State* v. *Topham*, 41 Utah, 39, 123 Pac. 888, is decisive of the question in favor of the defendant's contention. We need not go into details to show why the principles of pleading which controlled that case have no application here. We think a mere cursory reading of the opinion in that case clearly demonstrates that the reasons why we held the information insufficient in that case also show why the information is sufficient in this case. It has been held that, under a statute like ours, an "indecent assault" and "indecent liberties" are convertible terms. In that connection the court said:

"The crime as defined by the statute is, in its legal tenor and import, an 'indecent assault.' * * * The term 'indecent assault' is but the statutory definition of the crime epitomized." 4 Words and Phrases, 3537; *State* v. *West*, 39 Minn. 321, 40 N. W. 249.

The question raised by counsel in this case was presented to and passed on by the Supreme Court of Minnesota in *State* v. *Kunz*, 90 Minn. 526, 97 N. W. 131. That court, after setting forth the statute, which, in legal effect is like chapter 26, *supra*, disposes of the contention as follows:

"He further urges that the indictment is defective because it does not state the particular acts which constitute the alleged in-

·decent liberties. The claim is without merit, for the term 'indecent liberties,' when used with reference to a woman, old or young, is self-defining; and it would be as unnecessary and as indecent to allege the defendant's particular acts as it would be, if he were charged with rape or carnally knowing or abusing a female child under the age of consent, to set forth the evidence in the indictment."

We thoroughly agree with the Supreme Court of Minnesota that the term "indecent liberties," as used in the statute, is clearly self-defining. What more could be said, except to state the evidence which proves or establishes the offense? We think that every person of the most ordinary intelligence and understanding, who is familiar with merely the rudiments of the English language, understands what is meant when he, or any one else, is charged with having taken indecent liberties with the person of a child. To say more is merely to explain what was done, which, like in a charge of carnal knowledge, or of assault with intent to have carnal knowledge, is not necessary. We think the information was sufficient.

It is next contended that the district court erred in receiving the testimony of the little girl, with whose person the indecent liberties were taken, and who testified in **2, 3** behalf of the state, upon the ground that she by reason of her youth and want of comprehension of the solemnity of an oath, was incompetent to testify. The question of the competency of a child who is called as a witness, in the very nature of things, must, to a large extent at least, be left to the sound discretion of the trial court. When that court has passed upon the question either way, we cannot interfere, unless it is clearly made to appear that the court abused the discretion vested in it. Nothing is shown here in that regard, and the record of the child's testimony discloses nothing upon which we could intelligently act. The little girl in question, at the time of the alleged assault, was between seven and eight years of age, and, at the time she testified, was past eight years of age. The defendant in his testimony himself testified that she was a "bright girl." In the recent case of *State* v. *Morasco*, 42 Utah, 5, 128 Pac. 571, the witness, a little boy, was considerably younger, to wit, between five

and six years of age, and we nevertheless refused to hold that he was incompetent as matter of law or that the court had abused its discretion in permitting him to testify for the state. That case was similar in character to this only the indecent assault was made upon a little boy, and he, like the little girl here, was the only eyewitness. See, also, *State* v. *Blythe,* 20 Utah, 379, 58 Pac. 1108, where the question is discussed. The district court committed no error in receiving the testimony of the little girl, nor in refusing to strike it from the record upon defendant's motion.

It is next urged that the time that the alleged offense was committed was not proven. We think otherwise. It is true the little girl could not give the date, nor the month, nor the year; but the time was sufficiently proved by other facts and circumstances.

It is next urged that the court erred in failing to ·charge the jury upon the question of defendant's good character. The defendant produced witnesses who testified to his good character. The state in no way opposed or contradicted his evidence relating to that subject. The defendant offered no requests to charge, nor did he ask the court to instruct the jury in its own language upon that subject. In view of that we cannot see how we can say the court erred respecting the matter. It certainly cannot be assumed that simply because the defendant strengthened the legal presumption of good character by direct evidence, which the state did not dispute, he was prejudiced as matter of law, because the court failed to tell the jury what effect they were authorized to give the evidence of good character. Had the defendant requested a proper instruction upon that subject, and the court had refused it, the question might be different. The mere fact, however, that the court failed to instruct upon its own motion on the subject does not constitute error. As was said by the Supreme Court of Nebraska in *Sweet* v. *State,* 75 Neb. 270, 106 N. W. 33:

"While the giving of an instruction respecting evidence of good character may have been proper, noninstruction alone on that point, in the absence of a proffered instruction correctly stating the law, is not prejudicial error."

This disposes of all the assignments that are argued in counsel's brief.

The judgment is affirmed.

STRAUP, C. J., and McCARTY, J., concur.