Appeal from Third District.

## STATE v. THERKELSON.

No. 2884.  Decided August 26, 1916.  Rehearing denied November 23, 1916  (161 Pac. 59).

INDICTMENT AND INFORMATION—INDECENT ASSAULT—INFORMATION— SUFFICIENCY.  Under Laws 1909, c. 26, providing that every person who shall assault a child, whether male or female, under the age of fourteen years, and shall take indecent liberties with such child, without committing or intending to commit rape, or to assault with intent to commit rape, shall be deemed guilty of an indecent assault, etc., an information alleging in the words of the statute that accused did willfully, etc., assault a female child, and did willfully, etc., take indecent liberties with said child, without committing, intending, or attempting to commit the crime of rape, was sufficient to charge the crime of indecent assault; the words "or the crime of assault with intent to commit rape" being mere surplusage.

Appeal from District Court, Third District; Hon. *M. L. Ritchie*, Judge.

Lawrence Therkelson was convicted of having committed an indecent assault upon a female child of the age of 11 years, and he appeals.

AFFIRMED.

*Carlson & Carlson* for appellant.

*A. R. Barnues, Atty. Gen.*, and *E. V. Higgins* and *G. A. Iverson, Asst. Attys. Gen.*, for the State.

McCARTY, J.

The defendant was convicted of having committed an indecent assault upon a female child of the age of 11 years. From a judgment imposing a term of imprisonment in the state prison he appeals.

The defendant filed a timely motion to arrest judgment, set aside the verdict, and to dismiss the action "upon the

ground that the said information does not state facts suffi-
cient to constitute the crime of indecent assault as defined by
statute, for the reason that said information does not contain
the clause 'or the crime of assault with the intent to commit
rape.' '' The statute (Laws Utah 1909, p. 25) which defend-
ant was charged with having violated provides:

"Every person, who shall assault a child, whether male
or female, under the age of four,teen years, and shall take
indecent liberties with or on the person of such child, without
committing, intending or attempting to commit the crime of
rape, *or the crime of assault with intent to commit rape,* upon
such child, with or without the child's consent, shall be deemed
guilty of an indecent assault, and on conviction thereof shall
be guilty of a felony." (Italics ours.)

The information on which the defendant was tried and con-
victed charged that:

"The said Lawrence Therkelson, at the county of Salt Lake,
state of Utah, on the 25th day of February, A. D. 1915, did
willfully, unlawfully, and feloniously make an assault upon
——————, a female child under the age of 14 years, to wit,
of the age of 11 years, and did then and there willfully,
unlawfully and feloniously take indecent liberties with the
person of the said ——————, without committing, intend-
ing, or attempting to commit, the crime of rape on the said
——————, contrary," etc.

The foregoing information, with the exception of the date
therein mentioned and the parties named therein, is an ex-
act copy of the information in the case of the *State* v. *Mac-
Millan,* 46 Utah 19, 145 Pac. 833, recently decided by this
court. In that case a demurrer was interposed to the infor-
mation on the ground that the specific act, or acts, constitut-
ing the offense were not set forth. In other words, the infor-
mation failed to state under what circumstances and in what
manner the defendant took indecent liberties with the child
therein mentioned. The demurrer was overruled. On appeal
this court, in effect, held, and properly so, that in this class of
cases it is sufficient to allege and describe the assault in the
language of the statute. The question raised in the case at
bar was not presented or considered in that case. The ques-

tion here presented is stated by appellant's counsel in their brief as fol'ows:

"By the language employed in the information the commission of rape, the intent to commit rape, and attempt to commit rape, are expressly excluded."

They say:

"Do these enumerated offenses, considered collectively or separately or in any aggregation of their essential elements, necessarily exclude the crime of assault with intent to commit rape?"

And again:

"In negativing the commission of rape, the intention to commit rape, and the attempt to commit rape, has the crime of assault with the intent to commit rape been negatived?"

Counsel then proceed to argue that an attempt to commit rape and an assault with intent to commit rape are separate crimes, and that the exclusion of one in a pleading or information is not necessarily an exclusion of the other. Let that be as it may, the question is not decisive of the question here involved. The information in this case charges that the defendant—

"did wilfully, unlawfully and feloniously make an assault upon —————————, a female child, * * * of the age of eleven years, and did then and there willfully, unlawfully, and feloniously take indecent liberties with the person of said —————————, without committing, intending, or attempting to commit, the crime of rape," etc.

It will be observed that an unlawful and felonious assault is charged in the information, that the assault consisted of the taking by defendant of indecent liberties with the child mentioned in the information, and that the assault was made without "intending, or attempting, to commit the crime of rape." In other words, the information alleges in clear and unambiguous terms that the assault was made without "intent to commit rape." To have negatived in the information the specific crime described in the clause we have italicized in copying the statute, namely, "or the crime of assault with intent to commit rape," would not have negatived or excluded any element of an assault of this character which is not negatived and ex-

cluded by the information in its present form. The writer is clearly of the opinion that the clause, ''or the crime of assault with intent to commit rape,'' could be eliminated from the statute without in any way or in any sense affecting the scope, purpose, or intent of the act. In other words, the writer regards the clause as surplusage, and that it neither adds to nor detracts from the balance of the section in which it is incorporated.

The judgment is affirmed.

FRICK, J., concurs.

STRAUP, C. J.

The chief point made on the information is that the exception in our statute, ''or the crime of assault with the intent to commit rape,'' ought to have been, but was not, negatived in the information. I think there is a distinction between ''committing or intending, or attempting to commit,'' rape and ''an assault with the intent to commit rape'' (33 Cyc. 1430), and that to properly charge ''an indecent assault'' under the statute, both should be negatived. But I am of the opinion that both are sufficiently negatived by the information. It is affirmatively charged that the defendant ''willfully, unlawfully, and feloniously made an assault'' on the girl and took ''indecent liberties'' with her ''without committing, or intending or attempting to commit rape.'' The gist of ''an assault with the intent to commit rape'' is an assault with the intent to ravish the female or to have sexual intercourse with her. The alleged assault clearly negatives that intent. The information states that the assault was made ''without intending or attempting to commit rape,'' but merely to ''take indecent liberties'' with the girl. Hence the specific ''assault'' described in the information clearly negatives ''an assault'' to commit rape.