**STATE of Utah, In the Interest of R. N., a person under 18 years of age.**

**No. 13633.**

Supreme Court of Utah.

Nov. 8, 1974.

Eric P. Swenson, of DNA—People's Legal Services, Inc., Mexican Hat, for appellant.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Juvenile, R.N., appeals from an adjudication of the juvenile court that he was within the jurisdiction thereof as provided in Section 55–10–77(1), U.C.A.1953, as amended 1965, by reason of violating a state law. A petition was filed alleging that R.N. on or about July 28, 1973, in violation of Section 76–5–404, U.C.A.1953, as amended 1973, did take indecent liberties with L.L., a female not his wife, under 14 years of age, with intent to arouse or gratify his own sexual desires. This matter was tried before the court, and at the conclusion of the trial, the court ruled that R. N. had committed an assault. The court ordered that the petition be amended to allege that on or about July 28, 1973, R.N., in violation of Section 76–5–102(1)(c), U. C.A.1953, as amended 1973, did assault L. L. No formal findings of fact or conclusions of law were made by the court. On a printed form, denominated findings of fact, a square was checked, to indicate that the allegations in the petition were proven. The form then recited that by reason of the foregoing findings of fact, the person named on the reverse side was adjudicated within Section 77 of the Juvenile Court Act of 1965 as amended.

By L.L.'s account, the two went riding on her bicycle at approximately 9:00 o'clock in the evening. L.L. who was 13 years old, was the passenger, and R.N., who was 17 years old, was the driver. The two, at R.N.'s suggestion, went into an abandoned apartment house. L.L. sat down on a bed to talk with R.N. They proceeded to embrace, and R.N. made an indecent proposition. According to L.L., R.N. partially removed her Levi's and proceeded to touch areas proscribed by Section 76–5–404. L.L. jumped from the bed; she admitted on cross-examination that R. N. made no attempt to restrain her. As L.L. proceeded to the door, R.N. grabbed

her arm but immediately released it, and L.L. exited from the building. A girl friend of L.L.'s informed her parents of the incident, whereupon L.L. was interrogated and the police were summoned.

At the conclusion of the presentation of the evidence, the judge stated that from the evidence he was convinced that the boy went beyond the point of decency and did start to exert pressure or to intimidate the girl, but he did not make any threats or use force. The court was interrupted by the prosecution. The court then continued that it was difficult to believe the situation justified a felony charge under the circumstances. The court explained that even though it didn't make any difference in terms of his disposition of the case, he was concerned with the characterization of the situation in regard to the record and the future, and he didn't think it was entirely correct.

Defense counsel asserted that he had not appeared in court to defend an offense of simple assault. The court responded that he knew this. Defense counsel pointed out that there were different elements in the two crimes. The trial court stated that he understood the claim of the defense that assault was probably not a lesser, included offense; and, therefore, the court would be out of line in attempting to find the party guilty of any lesser offense that was not technically included in the charge. The court commented that it would look and see.

The prosecution brought to the attention of the court the fact that the term "assault" was not used in forcible sexual abuse statute, 76–5–404. The prosecution responded in the affirmative to a query from the court as to whether there had to be an injury under the new statute, 76–5–102.

Defense counsel queried: "Is it simple assault, is that it?"

The court responded by reading the provisions of Section 76–5–102(1)(c) and commented that there was a possibility

there, but there was no real show of force or violence in the instant case. The court continued:

So the only possible analogy would be by show of force or violence he intentionally and knowingly caused another reasonable fear of imminent serious bodily injury. But . . . I guess that would still be my inclination. That would still be my inclination.

The prosecution inquired if that were the court's ruling.

The court responded:

That's my ruling. I find the boy guilty of simple assault, and place him on probation and then continue the matter for probation review.

On appeal, R.N. urges that the findings and conclusions were insufficient to support a determination that he had committed an assault. Furthermore, there was insufficient evidence to support the conclusion that R.N. had violated Section 76–5–102.

Section 76–5–404, U.C.A.1953, as amended 1973, provides:

(1) A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, he touches the anus or any part of the genitals of another, or otherwise takes indecent liberties with another, or causes another to take indecent liberties with himself or another, with intent to arouse or gratify the sexual desire of any person, without the consent of the other.

(2) Forcible sexual abuse is a felony of the third degree.

Section 76–5–406(7) provides that an act of sexual abuse is without consent where the victim is under 14 years of age.

Section 76–5–102, U.C.A.1953, as amended 1973, provides:

(1) A person commits assault if:

\*     \*     \*     \*     \*     \*

(c) By a show or force or violence, he intentionally or knowingly causes anoth-

er reasonably to fear imminent serious bodily injury.[1]

The foregoing statutes represent a significant departure from the prior statutory scheme, wherein Section 76–7–9, U.C.A. 1953, provided:

Every person who shall assault a child, whether male or female, under the age of fourteen years, and shall take indecent liberties with or on the person of such child, without committing, intending or attempting to commit the crime of rape, upon such child, with or without the child's consent, is guilty of a felony.

Section 76–7–1, U.C.A.1953, provided:

An assault is an unlawful attempt coupled with a present ability to commit a violent injury on the person of another.

Under this prior statutory scheme, taking indecent liberties with a child was considered a form of aggravated assault, and simple assault was a lesser, included offense.[2] The new statutory provisions concerning assault (76–5–102) considerably narrowed the prior definition of Section 76–7–1. The juvenile court was confronted with a dilemma caused by the new penal code; the circumstances were such that the court expressed the view that a determination that R.N. had committed a felony was unmerited, a record thereof might impair his future. On the other hand, the improper acts of R.N. did not coincide with the elements of Section 76–5–102(1)(c). The court orally expressed the view that the evidence did not indicate a show of force or violence. There is little in the record to indicate that the victim reasonably feared imminent serious bodily injury. The only evidence indicating a show of force was R.N.'s momentarily grasping of L.L.'s arm as she departed the scene. Nevertheless the court concluded, after reviewing the specific elements of

Section 76–5–102(1)(c), that R.N. had committed a violation thereof.

R.N. urges that to be within the jurisdiction of the juvenile court by reason of the commission of an offense (Section 55–10–77(1)), the court must state with particularity the findings of fact upon which it bases its jurisdiction (Section 55–10–100). Without written findings and with the comments from the bench, it is impossible to ascertain whether or not the court found that R.N., by a show of force or violence caused L.L. reasonably to fear imminent serious bodily harm. The record is further cloudy as to whether the court determined that the assault set forth in Section 76–5–102 was a lesser, included offense of Section 76–5–404 or if the court ordered the petition to be amended to conform to the evidence as provided in Section 55–10–98.

Under Section 55–10–105(1) a proceeding in a child's case is regarded as a civil proceeding.

Rule 52(a), U.R.C.P., provides:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58A . . . .. Requests for findings are not necessary for purposes of review. . . .

Counsel neither waived the requirements of Rule 52(a), U.R.C.P., nor the provisions of Section 55–10–100. In the state of the present record, there are insufficient findings of fact and conclusions of law to support the adjudication that R.N. is within the jurisdiction of the juvenile court.

R.N. further contends that there was insufficient evidence to support a determination that he committed an assault; Rule 52(b), U.R.C.P. R.N. cites In the Matter of Winship,[3] wherein it was held that dur-

1. This statute was completely revised during the 1974 session of the legislature, effective April 4, 1974.

2. State v. Waid, 92 Utah 297, 301, 67 P.2d 647 (1937); State v. Close, 28 Utah 2d 144, 146, 499 P.2d 287 (1972).

3. 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

ing the adjudicatory stage of a delinquency proceeding, the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

Since this case must be reversed and remanded to the juvenile court to make specific findings of fact and conclusions of law, it would be more appropriate that the fact finder assess the evidence in light of the "beyond a reasonable doubt" standard. The judgment of the juvenile court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.