# APRIL TERM, 1976

## No. 26381

**The People of the State of Colorado v. Jefferson A. McGill**

(548 P.2d 600)

Decided April 12, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee J. Belstock, Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was tried by a jury on charges of first-degree kidnapping, attempt to commit aggravated robbery, and second-degree assault. He was acquitted of the first-degree kidnapping charge, but was convicted of second-degree kidnapping, attempted robbery, and second-degree assault. The court sentenced appellant to the state penitentiary to an indeterminate term not to exceed five years for the attempted robbery, not to exceed seven years for second-degree kidnapping, and not to exceed seven years for second-degree assault. All terms were to be served concurrently. We affirm the convictions.

The People's evidence, which was largely undisputed, showed that on the evening of May 5, 1973, appellant entered Skyway Liquors in Colorado Springs, drew a revolver, and demanded money from the clerk. When appellant's attention was momentarily diverted by the entry of two customers into the store, the clerk opened fire on the appellant, wounding him several times. Appellant returned the fire, missing the clerk, and then fled as best he could from the store. He commandeered a car outside the store. The driver and his passenger were ordered at gunpoint to take him to a residential section of the city where he got out. During the course of the escape, appellant at one time placed the gun against the head of the driver.

Shortly thereafter, appellant arrived at the home of his parents and was then taken by his father to the Fort Carson Hospital where he underwent surgery and spent approximately fifty to sixty days' confinement for treatment of his injuries.

Appellant testified in his own behalf and stated that he decided to rob the liquor store in order to obtain funds with which to supply himself with amphetamines. He testified that after he was shot by the liquor store clerk his memory became hazy, and he did not recall firing any shots or, with gun in hand, demanding a ride. Appellant's expert medical witness testified that it was possible that appellant could have suffered an alteration in his thought processes by reason of the trauma connected with the injuries he suffered when shot.

## I.

■ Appellant contends it was reversible error for the court to deny his motion for judgment of acquittal of the first-degree kidnapping count at the close of the prosecution's case; and, further, it was reversible error to submit that count to the jury. He argues that the evidence was deficient to prove the necessary element of a first-degree kidnapping charge — that the victims were forced "to make any concession or give up anything of value in order to secure a release of a person under [his] * * * control * * *." 1971 Perm. Supp., C.R.S. 1963, 40-3-301.[1] Appellant argues that his conduct at most amounted to second-degree kidnapping under section 40-3-302.[2] He contends the submission of the first-degree kidnapping counts to the jury unduly prejudiced him before the jury and he is therefore entitled to a new trial on the second-degree kidnapping charge.

We do not agree with this argument. There was some evidence, albeit slight, to support a judgment of first-degree kidnapping. Under these circumstances, we find no error in submission of the first-degree kidnapping charge to the jury.

## II.

Appellant next argues the evidence was insufficient to prove the requisite specific intent to commit the crime of second-degree kidnapping, and that the court erred in not granting his motion for judgment of acquittal as to that count.

Viewed in the light most favorable to the People, as we must (*People v. Mayfield*, 184 Colo. 399, 520 P.2d 748; *People v. Scheidt*, 182 Colo. 374, 513 P.2d 446), the evidence was more than ample to support the conclusion that appellant specifically intended to kidnap the driver of the car and his passenger.

It was not disputed that after the robbery attempt appellant exited the store and approached a parked Volkswagen. He opened the door and with gun in hand climbed in, ordering the driver to "Get going." The store clerk, in pursuit, came out of the store and pointed his gun at the car. Upon seeing this, the driver ducked, whereupon appellant placed his gun against the driver's head and again commanded, "Get going." Appellant then gave directions where to drive.

Appellant argues he did not possess the requisite specific intent to commit second-degree kidnapping. He claimed he was suffering from serious gunshot wounds and his thought processes were altered to the extent that he was unaware of his actions and incapable of forming the requisite specific intent. We find no error in the court's ruling denying appellant's

---

[1] Now section 18-3-301, C.R.S. 1973.
[2] Now section 18-3-302, C.R.S. 1973.

motion for judgment of acquittal under this state of the record, or in submitting the case to the jury for determination of the facts, including specific intent.

■ It is axiomatic that specific intent need not be proved by direct evidence but may be inferred from the circumstances surrounding the commission of the offense. *People v. Prante*, 177 Colo. 243, 493 P.2d 1083; *Baker v. People*, 176 Colo. 99, 489 P.2d 196. The jury was at liberty to disbelieve appellant's testimony and that of his expert witness, and from the People's evidence to conclude that all the elements of the crime had been established beyond a reasonable doubt, including that of specific intent. We find no merit to this argument.

## III.

The last argument for reversal concerns alleged prosecutorial misconduct during the closing argument. First, it is contended that the district attorney's attempt to define the word "concession" in explaining the elements of first-degree kidnapping was prejudicial error. We find it unnecessary to discuss this alleged error in view of the verdict of the jury acquitting appellant of first-degree kidnapping.

■ The other ground of alleged misconduct is predicated on the contention that the district attorney improperly expressed his personal belief in appellant's guilt. In his initial remarks to the jury, the district attorney said: "We feel from all the evidence that we have more than established the defendant's guilt on all these counts * * *." No objection was made to this remark. On rebuttal, the district attorney made the following statement, to which objection was made:

"Ladies and Gentlemen of the Jury, we have proven this case, beyond a reasonable doubt. I feel the evidence shows that we have proven —

"MR. TEGTMEIER: — Objection, Mr. Nelson is doing it again —

"THE COURT: — don't pay any attention to his personal beliefs.

"MR. NELSON: That's correct, my personal beliefs. We feel the evidence is sufficient and from the evidence this case has been proven, beyond a reasonable doubt, of all three charges as alleged, first degree kidnapping, aggravated robbery and assault. Thank you very much."

It is improper for a prosecutor to express his personal belief as to the guilt of a defendant, without reference to the evidence presented during the trial, and a prosecutor should exercise caution to avoid interjecting his personal belief in his closing argument. In determining the meaning and effect of such a remark, it must be construed by reference to or in the light of the context or argument as a whole, and in light of the evidence. *See Annot.*, 50 A.L.R.2d 766, § 5 and cases collated therein.

■ In the present case, we do not agree that the foregoing comments violate the rule in the context in which they were made. Properly construed, the remarks merely express the proposition that the evidence is sufficient to sustain a conviction.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.