**STATE of Utah, In the Interest of J. L. S., a person under eighteen years of age.**

No. 16253.

Supreme Court of Utah.

April 11, 1980.

Robert M. McRae of McRae & DeLand, Vernal, for appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for respondent.

MAUGHAN, Justice:

This appeal is from a judgment of the Third District Juvenile Court finding the defendant guilty of taking indecent liberties with a named minor in violation of Section 76–5–404. We reverse. All statutory references are to Utah Code Annotated, 1953, as amended.

The incident complained of allegedly took place on June 16, 1978, at the Antler Motel in Vernal, Utah. At the time of the incident the complainant was employed as a room maid by the motel. She testified that while she was cleaning the bathtub in one of the rooms the defendant, a 17 year old male, entered the room, put his arms around her and placed his hands on her clothed breasts.

The complainant recounted:

A:  He put his arms around me, and I turned 'round he just, he had his hands all over. . . .

Q: What particular parts of your body did he put his hands on?

A: My breasts.

Q: Your breasts. Any place else?

A: No.

Q: What did he say?

A: He said, because I wouldn't give it to him he was going to take it.[1]

Q: What did you tell him?

A: I told him to get out and leave me alone.

Q: Did you do anything?

A: I pushed him. I told him if he didn't leave I was going to call the office, so he left.

On June 23, 1978, a week after the alleged incident occurred, the complainant notified her parents of the incident and they reported it to the police. The defendant was subsequently found guilty by the Juvenile Court of violating Section 76–5–404.

Under the heading "Forcible Sexual Abuse," Section 76–5–404 provides:

(1) A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, the actor touches the anus or any part of the genitals of another, or otherwise takes indecent liberties with another, or causes another to take indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of the other, regardless of the sex of any participant.

(2) Forcible sexual abuse is a felony of the third degree.

The term "indecent liberties" was used but in a different context in the prior Penal Code, which was repealed in 1973. Section 76–7–9 stated.[2]

Every person who shall assault a child, whether male or female, under the age of fourteen years, and shall take indecent liberties with or on the person of such child, without committing, intending or attempting to commit the crime of rape, upon such child, with or without the child's consent, is guilty of a felony.

In defining the term "indecent liberties" under this prior statute this Court explained:

. . . the term "indecent liberties," as used in the statute is clearly self-defining. . . . We think that every person of the most ordinary intelligence and understanding, who is familiar with merely the rudiments of the English language, understands what is meant when he, or anyone else, is charged with having taken indecent liberties with the person of a child.[3]

In an interpretation of Section 76–5–404(1), the format of the statute is significant. In the first part, the legislature describes in detail the specific conduct proscribed, viz., the actor's touching the anus or genitals of another. In the second part, which is separated from the first by the disjunctive "or" the conduct condemned is set forth in generalized terms, viz., "otherwise takes indecent liberties with another." The use of the disjunctive in combination with term "otherwise" is indicative of an intent to proscribe the type of conduct of equal gravity to that interdicted in the first part, although the acts are committed in a different way or manner than that set forth in the first part.[4]

In *State v. Macmillan*[5] this Court stated that in a statute like 76–7–9 the terms

1. The complainant alleged that three times prior to the day in question the defendant made similar statements to her.

2. See *State of Utah in interest of R.N.*, Utah, 527 P.2d 1356 (1974).

3. *State v. Macmillan*, 46 Utah 19, 22, 145 P. 833, 834 (1915); See also *State v. Saunders*, 82 Utah 170, 22 P.2d 1043 (1933).

4. Otherwise is defined as in a different way or manner, under different circumstances or conditions, Webster's Third New International Dictionary.

5. See note 3, supra, at 46 Utah 21, 145 P. 833.

"indecent liberties" and indecent assault" were convertible. However, this statute dealt specifically with an indecent assault upon a child under the age of fourteen. This Court in stating the term "indecent liberties" was self-defining was determining the meaning within the context of the statute, viz., one of the elements of the crime was the age of the victim. Without reading the term "indecent liberties," in conjunction with the age of the victim, the precision required for a penal statute would not be manifest; as indicated by this Court in its statement in Macmillan, viz., every person of ordinary intelligence understands what is meant when he is charged with having taken indecent liberties with the person of a child.

■ In the present statute 76–5–404(1), the term "indecent liberties" cannot derive the requisite specificity of meaning required constitutionally, by being read in conjunction with the age of the victim, but if it be considered as referring to conduct of the same magnitude of gravity as that specifically described in the statute, the potential infirmity for vagueness is rectified.

■ The first part of the statute imposes an interdiction against the specific acts of the actor's touching the anus or genitals of another. The second part proscribes "or otherwise takes indecent liberties with another, or causes another to take indecent liberties with the actor or another, . ." As noted ante, the term "otherwise" connotes a different way or manner, obviously, the second part condemns the actor causing the victim to touch the anus or genitals of the actor or another, conduct of the same magnitude as set forth in the first part of

the statute. The legislature rather than attempting to set forth the various types of sexual aberrations that might constitute a type of serious sexual assault equivalent to that specifically defined utilized the phrase "otherwise takes indecent liberties with another." However, there is no intent expressed to take this phrase out of the context of the statute (which is directed to conduct of a more serious nature), and include simple offensive touching as a felony offense.

■ The momentary touching or grabbing of the clothed breasts of an adolescent girl by a seventeen year old boy does not come within the phrase "otherwise takes indecent liberties with another." This phrase cannot be interpreted under the present statutory scheme as subsuming a mere offensive touching where the circumstances do not indicate conduct of sufficient gravity to be equated with the specific descriptions set forth in the statute. Though the conduct of the defendant is not to be condoned, much less approved or admired, there was in fact no touching in anger, no actual violence or injury, and he desisted immediately upon her request. This, coupled with the fact no complaint was made about the matter for a week, leads us to the conclusion his misconduct should not reasonably be regarded as of the seriousness proscribed by the statute.

The mere fact the legislature failed to enact a provision dealing with this type of offensive touching does not justify inclusion of this conduct within the terms of the present statute.[6]

CROCKETT, C. J., and STEWART, J., concur.

**6.** See *State in interest of R.N.*, supra, note 2, at 1358. If the legislature should address the problem created by the present statutory scheme by enacting a provision dealing with this type of touching. The Model Penal Code, § 213.4, Sexual Assault, presents an appropriate approach. This section provides:

A person who has sexual contact with another not his spouse, or causes such other to have sexual contact with him, is guilty of sexual assault, a misdemeanor, if:

(1) he knows that the contact is offensive to the other person; or

(2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct; or

(3) he knows that the other person is unaware that a sexual act is being committed; or

(4) the other person is less than 10 years old; or

HALL, Justice (dissenting):

I do not adopt the majority opinion inasmuch as it reaches a conclusion to reverse the trial court by addressing an issue not raised below nor by this appeal. In any event, I do not subscribe to the view that the statute (U.C.A., 1953, 76–5–404), does not encompass as an offense the unlawful touching of the breasts as well as the anus or the genitals.

Said statute reads, in pertinent part, as follows:

> A person commits forcible sexual abuse if . . . he touches the anus or any part of the genitals of another, or *otherwise* takes indecent liberties with another, . . . with intent . . . to arouse or gratify the sexual desire of any person . . . . [Emphasis added.]

In light of the facts and circumstances of this case, wherein the appellant verbally expressed his desire to engage in a sexual act, I can only conclude that his fondling of the victim's breasts constituted a graphic example of what was meant by the statutory language: *"or otherwise takes indecent liberties with another."*

This Court has previously held that the term "indecent liberties" is sufficiently specific to apprise a person of the particular acts with which he is charged.[1] In *State v. Macmillan*, the Court "thoroughly agree[d] with the Supreme Court of Minnesota"[2] and adopted the following language:

> . . . the term "indecent liberties," when used with reference to a woman, old or young, is self-defining . . . .

(5) he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the other's knowledge drugs, intoxicants or other means for the purpose of preventing resistance; or

(6) the other person is less than [16] years old and the actor is at least [4] years older than the other person; or

(7) the other person is less than 21 years old and the actor is his guardian or otherwise responsible for general supervision of his welfare; or

(8) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him.

For the Court to now tie the interpretation of a statute which contains this "self-defined" term to a precise specification of the age of the victim, is not only illogical, but is without support in the law.

Totally unrelated to the foregoing, appellant presents only two issues for our consideration, both of which are based upon a claimed insufficiency of the evidence. He first contends that there was no proof of intent to gratify his sexual desires by the unlawful touching of the victim's breasts; secondly, he contends that since the victim's testimony was uncorroborated, and since the crime was one "easy to accuse and difficult to defend against," that her testimony was incredible.

First, addressing the issue of intent, it has long been the established rule that the necessary intent may be inferred from the attendant facts and circumstances.[3] In *State v. Peterson*,[4] the rule was very succinctly stated as follows:

> With respect to the intent: It is true that the State was unable to prove directly what was in the defendant's mind relative to doing harm to the victim; and that he in fact denied having any such intent. However, his version does not establish the fact, nor does it even necessarily raise sufficient doubt to vitiate the conviction. If it were so, it would lie within the power of a defendant to defeat practically any conviction which depended upon his state of mind. As

Sexual contact is any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire.

1. *State v. Macmillan*, 46 Utah 19, 145 P. 833 (1915).

2. *State v. Kunz*, 90 Minn. 526, 97 N.W. 131 (1903).

3. *State v. Romero*, Utah, 554 P.2d 216 (1976), which cites *State v. Kazda*, 15 Utah 2d 313, 392 P.2d 486 (1964); see also, *State v. Jolley*, Utah, 571 P.2d 582 (1977); *State v. Vann*, 11 Ariz. App. 180, 463 P.2d 75 (1970); *People v. McGill*, 190 Colo. 443, 548 P.2d 600 (1976).

4. 22 Utah 2d 377, 453 P.2d 696 (1969).

against what he says, it is the jury's privilege to weigh and consider all of the other facts and circumstances shown in evidence in determining what they will believe. This includes not only what was said and what was done, but also the drawing of reasonable inferences from the conduct shown . . . . .

This is in accord with the elementary rule that a person is presumed to intend the natural and probable consequences of his acts. [Citations omitted.]

The finder of fact below was well within his prerogative to conclude that the obvious, natural and probable intent of the accused in putting his hands on the victim's breasts was to arouse and gratify his sexual desire. Given the facts and circumstances of this case, such a conclusion was certainly reasonable, particularly in light of the fact that J.L.S. verbally expressed his desire to engage in a sexual act.

In regard to the remaining point raised, that of the sufficiency of the evidence generally, the standard of appellate review to be applied is that as was stated in *State v. Romero* : [5]

This court has long upheld the standard that on an appeal from conviction the court cannot weigh the evidence nor say what quantum is necessary to establish a fact beyond a reasonable doubt so long as the evidence given is substantial. Further, this court has maintained that its function is not to determine guilt or innocence, the weight to give conflicting evidence, the credibility of witnesses, or the weight to be given defendant's testimony.

\* \* \* \* \* \*

This Court has set the standard for determining sufficiency of evidence to require that it be so inconclusive or so inherently improbable that reasonable minds could not reasonably believe defendant had committed a crime. Unless there is a clear showing of lack of evidence, the jury verdict will be upheld.

Specifically as to the credibility of the victim's testimony, this Court recently addressed that issue in *State v. Studham*.[6] In that case the testimony of a rape victim was challenged as being insufficient, standing alone, to warrant conviction. In declining to adopt that viewpoint, we had this to say:

Most crimes are committed in such secrecy as can be effected; and that is particularly so of this type of offense. Therefore, the question of guilt or innocence often depends upon the weighing of the credibility of the victim against that of the accused. Accordingly, the rule is that if there is nothing so inherently incredible about the victim's story that reasonable minds would reject it, a conviction may rest upon her testimony alone.

Applying the foregoing rules of appellate review to the case at hand, it is to be seen that the record contains substantial believable evidence which supports the conclusion reached by the court below that appellant took indecent liberties with a female person in that "he had his hands all over . . . my breasts" after having made three separate threats that if "I wouldn't give it to him he was going to take it."

I would affirm the judgment of the juvenile court which found J.L.S. to be a delinquent child.

WILKINS, Justice (dissenting):

I respectfully dissent.

The majority opinion addresses a matter in reversing the District Court that was not raised below or here by the defendant and, hence, should not be considered or addressed now.

On the points raised by the defendant, I concur with the comments made by Mr. Justice Hall in his dissent.

---

5. Supra, footnote 1; also, that the same standard of review is applicable in cases appealed from the juvenile court, see *State of Utah in Interest of K.K.H.*, Utah, 610 P.2d 849 (1980).

6. Utah, 572 P.2d 700 (1979); see also, *State v. Ward*, 10 Utah 2d 34, 347 P.2d 865 (1959).