**STATE of Utah, Plaintiff and Appellant,**

v.

**David O. THATCHER, Defendant and Respondent.**

No. 18592.

Supreme Court of Utah.

June 27, 1983.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and appellant.

G. Fred Metos, Salt Lake City, for defendant and respondent.

PER CURIAM:

Defendant appeals from his conviction of the forcible sexual abuse [1] of his 12-year-old daughter. Trial was to the judge without a jury, who sentenced defendant to the statutory term, but placed him on probation.

The incident occurred when defendant, while watching television, asked his daughter to sit on his lap and she refused. He again requested and said he did not intend to hurt her. She obeyed and sat on his lap. Defendant placed his hand on her clothed left breast and squeezed it. She told him to stop, which he did. She immediately ran and locked herself in the bathroom, where she remained for about 15 minutes. When she came out, her father was in the bedroom on the bed. He again asked her to come over to him. At first she refused, but did so when her father repeated his request. Defendant told her to lie on top of him and she complied. The defendant then began moving his pelvis and pumped his hips against her, holding his hands on her back. The daughter told him what he was doing was wrong and to stop, but he continued his movement for a minute or so longer. She reported the incident to her mother the next day, and testified that it was difficult for her to discuss this and previous incidents when her father had abused her.

Defendant was convicted of forcible sexual abuse (§ 76–5–404) for having taken indecent liberties with another. On appeal, the defendant insists the evidence was insufficient to convict of forcible sexual abuse, but that there was sufficient evidence to convict under the lesser included offense of lewdness (§ 76–9–702). His unusual request of this Court is that we reverse the conviction of forcible sexual abuse and *order* the lower court "to impose judgment for the lesser included offense of lewdness," a class B misdemeanor, which carries a lesser penalty. Lewdness, classified as offense "against order and decency," generally involves behavior such as fornication, exposure of one's privates, and the like, which one should know would likely cause an affront. Defendant's insistence on his own guilt under such statute is indicative of an intent to do wrong in a sexual scenario, which is included in the greater offense of forcible sexual abuse. The instant case has the added element of depravity in an incestuous relationship for sexual gratification by a parent with his own biological daughter.

The defendant relies heavily on two cases decided by this Court.[2] The *J.L.S.* case involved the touching of a motel chambermaid's clothed breast and the *L.G.W.* case involved the touching, by a passing cyclist, of the buttocks of an adult female jogger. In the former, this Court held the touching to be of "insufficient gravity." In the latter, the touching was held to be of insufficient moment to be included in "taking indecent liberties" under the statutes governing the named offenses.

The totality of facts in this case at once suggests the inapplicability of those cases on their facts. This case involved simulated sexual conduct where the defendant required the victim's active participation. In

1. In violation of U.C.A., 1953, § 76–5–404(1).

2. *State in interest of J.L.S.*, Utah, 610 P.2d 1294 (1980); *State in interest of L.G.W.*, Utah, 641 P.2d 127 (1982).

this case the duration of the contact was more than momentary, and the defendant did not stop his unacceptable conduct when requested. His conduct was reported by the girl to her school counselor and to her mother the following day, albeit reluctantly. In the cases cited, no biological relationship existed, the principals being strangers in a casual, "one-shot" meeting. In those cases, there was no present or implied parental pressure involved and no fear of reprisal for refusing participation.

Recently, we decided *State v. Wilkerson*, Utah, 612 P.2d 362 (1980), a case factually more similar than those cited by defendant. There, the principals were a grandfather and a 6-year-old granddaughter. We affirmed a conviction on a similar charge, where the facts were no more offensive than those here.

We consider *Wilkerson* to be dispositive, and consequently affirm the conviction.

STEWART and HOWE, JJ., concur in the result.