940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Romaine HARRIS, Defendant-Appellant.
 No. 90-4124.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1991.
 
 Before JOHN P. MOORE and McWILLIAMS, Circuit Judges, and KANE, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Romaine Harris appeals his conviction on one count of child sexual abuse. He raises two issues on appeal: 1) because the indictment was too vague, it should not have been submitted to the jury; and, 2) the verdict is not supported by sufficient evidence. We conclude any vagueness of the indictment was cured by the government's pretrial disclosures and the government's evidence, albeit controverted, was sufficient to support the verdict. We affirm.
 
 
 2
 Mr. Harris, a Ute Indian,[1] was charged in a superseding indictment with two counts of child sexual abuse, the second of which also charged aggravating circumstances. He was acquitted on Count I, and the jury found insufficient evidence to support the aggravating circumstances charged in Count II. The operative charge of Count II alleged "[b]etween August 15, 1985 and May 15, 1986, ... Romaine Harris did touch the genitals and take indecent liberties with a seven-year old non-Indian female with intent to arouse and gratify a sexual desire." The charge is founded upon the Assimilative Crimes Act, 18 U.S.C. Sec. 13, and Utah Code Ann. Sec. 76-5-404.1(1).[2]
 
 
 3
 Defendant filed a motion seeking discovery and a "bill of particulars" following the filing of the original indictment. That motion did not address the sufficiency of the disclosures of the alleged victim's identity or the time the offense was committed, issues now raised on appeal. Subsequently, the defendant filed a motion to dismiss the superseding indictment tangentially addressing those questions. Predicated upon the government's "fail[ure] to comply with the Motion for Discovery and Bill of Particulars," the defendant sought dismissal of the superseding indictment.
 
 
 4
 Although no order issued requiring disclosure by the government, the defendant's motion sought dismissal because "the information which has been given is insufficient and indecipherable as [sic] to tell when and where occurrences of the alleged sexual acts have taken place." Although defendant did not argue the alleged vagueness deprived him of the ability to mount a defense or to prevent his being subsequently submitted to jeopardy on the same charges, he did assert the government "has not met the proper requirements for furnishing discoverable information to the defendant. Because of the failure of the plaintiff to comply, Count II should be dismissed."
 
 
 5
 Two days before trial, the court held a hearing on the motion to dismiss. At that time, defendant's counsel admitted the government had disclosed to him the name of the victim "when the arraignment took place." R. II, 5. Based upon his reading of "reports" furnished him apparently by the prosecution, however, counsel asserted confusion over the victim's age and the year in which the offense allegedly occurred. The prosecutor responded that the indictment related to the same child whose identity had been disclosed already, and the only reason her name was not mentioned in the superseding indictment was "because she is a juvenile and I don't think it's appropriate to put her in the indictment." The prosecutor further disclosed some difficulty in communicating with the victim, but indicated he had learned from the victim that the offense occurred "in the first part of the defendant's wife Maria's pregnancy." He also stated the victim was seven when the incident occurred. R. II, 8-9.
 
 
 6
 The trial court concluded the defense counsel's confusion over the date of the offense was predicated upon conflicting statements by prospective witnesses, and those conflicts presented questions of fact for the jury. The court added, however, "I don't know of any basis that I could just dismiss the indictment because the reports are contradictory of each other and so on. I'm not going to dismiss the second count." R. II, 12.
 
 
 7
 It is evident from our review of the record the accused knew well in advance of trial the identity of the victim and when the government contended the offense occurred. Defendant attempted to capitalize upon conflicting statements made by the victim to investigators to obtain the dismissal of the charge. Yet, defense counsel never told the trial judge that he was unable to mount a defense because the charge contained in the indictment was too vague. As did the trial judge, we believe there is a significant difference between an indictment which is vague and supporting evidence which is in conflict. It is merely the latter which formed the basis of the defendant's motion to dismiss in the district court.
 
 
 8
 On appeal, however, defendant now takes a different tack. He claims his Sixth Amendment right to be informed of the charges was abrogated. He argues, "there must be some specificity given to the defendant so as to allow him to properly prepare his defense." While we agree with that contention, we believe that right was complied with because the time of the offense was disclosed by the government prior to trial with sufficient specificity to allow the preparation of a defense.
 
 
 9
 The prosecution fixed the time by advising the defense that the crime occurred during the "first part of the defendant's wife Maria's pregnancy." At the hearing on the defendant's motion, the government also stated the date of the child's birth was May 16, 1986. R. II, 9.[3] Those two facts sufficiently fix the time the government contended the offense was committed. Because this is a child sexual abuse case, we also consider the difficulty a young child may have in identifying precise dates. State v. Wilcox, 808 P.2d 1028, 1033 (Utah 1991).
 
 
 10
 Moreover, we have not been shown a consequent prejudice to the defendant. He has not claimed, for example, the government's inability to be more precise in the statement of the date of the offense deprived him of the ability to provide alibi testimony. Nor has he asserted any other factor by which his defense was prejudiced.[4] We therefore conclude his Sixth Amendment right was not transgressed. See United States v. Morris, 700 F.2d 427, 430 (1st Cir.), cert. denied, 461 U.S. 947 (1983).
 
 
 11
 Defendant next argues the evidence that he touched the victim's clothed genitalia is insufficient, as a matter of law, to constitute the crime charged. He also argues variations between testimony at trial and the pretrial statements recorded by investigators render the government's case insufficient to support the verdict. We disagree.
 
 
 12
 The victim testified defendant touched her "[o]n part of my butt between my legs." R. III, 55. Contrary to defendant's argument that the victim related "she [was] touched on part of her bum on the outside of her clothing," the evidence more precisely indicates the defendant touched the victim's genitalia. Because the statute specifically includes touching of the buttocks as a form of sexual abuse, however, the distinction is insignificant.
 
 
 13
 Nonetheless, the authority relied upon by defendant does not support his argument that a touching of the clothed genitalia or buttocks of a child does not constitute a violation of Utah Code Ann. Sec. 76-5-404.1(1). Both cases, State in Interest of J.L.S., 610 P.2d 1294 (Utah 1980), and State in Interest of L.G.W., 641 P.2d 127 (Utah 1982), involved Utah Code Ann. Sec. 76-5-404 (1979) (amended 1983 & 1984), a forcible sexual abuse provision which did not distinguish the treatment of children, and not the offense charged in this case. The Utah Supreme Court has recognized the standards for child sexual abuse are different. J.L.S., 610 P.2d at 1295-96; State v. Bishop, 753 P.2d 439, 482-83 (Utah 1988). Both cases also dealt with the scope of the term "indecent liberties" rather than with a specifically prohibited act.
 
 
 14
 The third case relied upon by defendant, State v. Thatcher, 667 P.2d 23 (Utah 1983), does not preclude his conviction. In Thatcher, the defendant was found guilty under Sec. 76-5-404 because he engaged in a simulated sex act with his twelve-year old daughter. Contrary to defendant's argument here, however, the Utah court in Thatcher did not establish a minimum level of conduct required to prove the sexual abuse of a clothed child. Consequently, we conclude the touching of the clothed genitalia or buttocks of a child is sufficient to satisfy Utah Code Ann. Sec. 76-5-404.1(1).
 
 
 15
 The defendant also contends the government failed to prove he acted with the specific intent "to arouse or gratify the sexual desire of any person" as required by Sec. 76-5-404.1(1). Viewing the evidence in a light most favorable to the prosecution, as we must on appeal, it may be inferred that the touching of the victim "between the legs" was not innocuous contact. When coupled with the victim's testimony that defendant threatened her if she told anyone of the incident, R. III, 55, we believe there is sufficient evidence of his intent to gratify sexual desire to satisfy the statute.
 
 
 16
 Finally, evidence is not necessarily insufficient merely because of contradictory or incredible testimony. United States v. Vigil, 743 F.2d 751, 753 (10th Cir.), cert. denied, 469 U.S. 1090 (1984). Moreover, most of the testimony referred to by the defendant as inconsistencies are not necessarily so. The victim's telling one investigator that she had been grabbed or threatened but omitting those accusations from statements given another investigator is not necessarily an inconsistency. The same can be said for her initially telling her mother nothing had happened. The victim may have recalled events in a different way or merely chosen to relate different details at different times. Nothing she said, however, was diametrically opposed to any prior statement she had given. It was the jury's function to sort out these matters, and it's determination is not incompatible with the evidence.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because Mr. Harris is enrolled in the Ute tribe, this case falls within federal jurisdiction although state law defines the offense. 18 U.S.C. Sec. 1153
 
 
 [2]
 That provision states:
 A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child ... the actor touches the anus, buttocks, or genitalia of any child ... or otherwise takes indecent liberties with a child ... with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.
 
 
 [3]
 At trial, the child's birth certificate was introduced establishing the date as May 13, 1986. R. III, 64
 
 
 [4]
 Indeed, his defense was one of absolute denial