■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [609 NYS2d 105] — Yesawich Jr., J. Appeal from an order of the Supreme Court (Kane, J.), entered June 7, 1993 in Sullivan County, which, in

---

a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, an inmate in the State prison system, maintains that respondents acted illegally in transferring him from Downstate Correctional Facility in Dutchess County to Sullivan Correctional Facility in Sullivan County. As respondents now concede, Supreme Court erred in dismissing the petition for failure to state a cause of action.

Although the Department of Correctional Services has "almost unbridled authority to transfer inmates from one facility to another" *(Matter of Johnson v Ward,* 64 AD2d 186, 188), that authority does not permit transfers that are made for the purpose of denying an inmate a constitutional right, or in retaliation for the exercise of such a right *(see, Meriwether v Coughlin,* 879 F2d 1037, 1046). Inasmuch as the allegations of the petition, broadly construed and accepted as true, as they must be at this juncture, support an inference that petitioner's transfer was motivated by an intent to deprive him or other prisoners of 1st Amendment rights, or to discriminate on a religious basis—petitioner had been instrumental in establishing an Islamic therapeutic program at Downstate Correctional Facility, and claims that his transfer was motivated by, among other things, a desire to prevent the inmates at that facility from having access to such a program—the petition was improperly dismissed, and must be reinstated. Respondents are hereby granted 30 days in which to answer the petition *(see,* CPLR 7804 [f]; *Matter of Scott v Commissioner of Correctional Servs.,* 194 AD2d 1042, 1043).

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.