OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In this action for declaratory and injunctive relief, the issue is whether the State Department of Taxation and Finance may require plaintiff, an enrolled member of the Seneca Nation, to collect and remit sales, use and excise taxes on sales of cigarettes and motor fuel to non-Indian consumers at plaintiff’s retail business on the Cattaraugus Reservation. Because the issue is directly governed by controlling precedent, we affirm the order of the Appellate Division dismissing plaintiff’s complaint.
 

 The United States Supreme Court has clearly established that State tax statutes requiring Indian retailers to collect and remit taxes on sales to non-Indian purchasers, and to keep the records necessary to ensure compliance, violate neither the Commerce Clause nor the constitutional proscription against direct taxation of Indians absent explicit congressional consent
 
 (see, Oklahoma Tax Commn. v Potawatomi Tribe,
 
 498 US 505;
 
 Washington v Confederated Tribes,
 
 447 US 134;
 
 Moe v Salish & Kootenai Tribes,
 
 425 US 463). To the extent plaintiff contends that the State tax statutes at issue violate either the Supremacy Clause or New York law, his arguments are unpreserved and cannot be considered on this appeal. Plaintiff’s complaint asserted only violations of the Commerce Clause and "the Laws of the United States enacted pursuant thereto”.
 

 
 *943
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.