■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [636 NYS2d 145] —Crew III, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered October 20, 1994 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents transferring petitioner to another correctional facility.

Petitioner, an inmate confined to Sullivan Correctional Facility in Sullivan County, commenced this proceeding challenging his transfer to that facility from Downstate Correctional Facility in Dutchess County. The facts pertinent to resolution of this matter follow. Prior to his confinement at Downstate, petitioner earned a Master's degree in theology and co-founded the Islamic Therapeutic Program (hereinafter ITP), a rehabilitative counseling program for Muslims. While at Downstate, petitioner was granted permission to implement the ITP at that institution. Petitioner had completed 16 weeks of the 44-week ITP program when he was transferred to Sullivan.

In April 1993, petitioner commenced this CPLR article 78 proceeding alleging, *inter alia*, that his transfer was unlawful because it burdened his right to facilitate the ITP. Supreme Court dismissed the petition for failure to state a cause of action and we reversed, noting that the petition, broadly constructed, "support[ed] an inference that petitioner's transfer was motivated by an intent to deprive him * * * of 1st Amendment rights" (202 AD2d 835, 836). In October 1994, a hearing was held and Supreme Court found that the transfer of petitioner was not arbitrary or capricious and was not motivated by a desire to violate petitioner's constitutional rights. Petitioner appeals and we affirm.

Initially, we reject petitioner's contention that this proceeding is governed by the Religious Freedom Restoration Act (hereinafter RFRA) and that Supreme Court erred in failing to apply the standards set forth therein to this proceeding (*see*, 42

USC § 2000bb *et seq.*). No claim for relief under the RFRA was made in the petition and petitioner never sought to amend the petition to assert such a claim, nor did he raise the issue at any time during the hearing before Supreme Court.* It is clear, therefore, that petitioner is raising this claim for the first time on this appeal, which he is not entitled to do (*see, Matter of Town of Minerva v Essex County Indus. Dev. Agency*, 173 AD2d 1054, 1055, *lv denied* 78 NY2d 857). Petitioner asserts nevertheless that pursuant to the provisions of CPLR 4511, Supreme Court was obligated to take judicial notice of the RFRA and apply it in this proceeding in spite of the fact that it was not pleaded. While Supreme Court was obligated to take judicial notice of any and all statutes pertinent to the litigation, it was not obliged to take notice of petitioner's unarticulated reliance on RFRA in support of his position (*see generally, Snyder v Wetzler*, 84 NY2d 941, 942). Moreover, even if we were to consider this matter pursuant to the standards established by the RFRA, petitioner would not prevail.

The RFRA provides, *inter alia*, that the "[g]overnment shall not substantially burden a person's exercise of religion" (42 USC § 2000bb-1 [a]). In order to establish that petitioner's transfer substantially burdened his free exercise rights, it must appear that the "activities which he wishes to engage in are mandated by the [Muslim] religion" (*Bryant v Gomez*, 46 F3d 948, 949). There is nothing in the record that indicates that the ITP, and specifically the ITP at Downstate, is an activity mandated by petitioner's religion. To the contrary, the record evidence reveals it to be a rehabilitative program implemented for the Muslim population, but available to all prisoners, which addresses the areas of substance abuse, violent behavior awareness and basic life skills. It is not a program that is an essential element of the practice of the Muslim religion.

Petitioner also argues that the weight of the evidence does not support Supreme Court's determination. We again disagree. "Inmates have no right to remain at a particular facility or any expectation that transfer will not occur without misconduct * * * and [the Commissioner of Correctional Services] is not required to give reasons for such a transfer" (*Matter of Henry v Coughlin*, 189 AD2d 1054 [citations omitted]). The solitary caveat to that proposition is that transfers made

* It appears that petitioner did raise this claim in a motion for summary judgment. However, inasmuch as petitioner filed the motion on October 12, 1994, one day before the hearing in this matter, it is highly unlikely that Supreme Court became aware of petitioner's RFRA claim.

for purposes of denying an inmate a constitutional right or made in bad faith are not permitted (*supra*). As noted previously, petitioner has not been denied his constitutional free exercise right and there is no record evidence that the transfer in question was made in bad faith. We have examined petitioner's remaining contentions and find them unavailing.

Mercure, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.