■ In the Matter of BENJAMIN STEPHENS JR., Appellant, v CENTRAL OFFICE REVIEW COMMITTEE OF NEW YORK STATE

DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [683 NYS2d 137] —Spain, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered October 20, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's two grievances.

While an inmate at Gouverneur Correctional Facility in St. Lawrence County, petitioner was removed from his program assignment as a law library clerk after a female correction officer filed a complaint stating that petitioner placed a signed note in her library locker that made her fear for her safety. Petitioner thereafter filed a grievance seeking reinstatement and back pay on grounds that respondent failed to adhere to program assignment removal procedures and that the correction officer requested his removal in retaliation for a previous disagreement. When petitioner was subsequently placed in administrative segregation and transferred to another facility as a result of the incident, he filed a second grievance alleging retaliation and seeking, *inter alia*, to be transferred back to Gouverneur. Although both grievances were denied, the determination placing petitioner in administrative segregation was reversed on administrative appeal. Supreme Court dismissed this ensuing CPLR article 78 proceeding challenging the denial of his grievances and petitioner appeals.

We affirm. Initially, because the determination placing petitioner in administrative segregation has been administratively reversed and all references thereto have been expunged from petitioner's institutional record, we agree with Supreme Court that this CPLR article 78 proceeding must be dismissed as moot to the extent that petitioner seeks relief relating to that determination (*see, Matter of Rivera v Coughlin*, 184 AD2d 933).

Turning to petitioner's remaining contentions, petitioner has failed to demonstrate that the denial of his grievances was arbitrary, capricious or affected by an error of law (*see, Matter of Bramble v Laguna*, 245 AD2d 928, *lv denied* 91 NY2d 810). Petitioner is not entitled to select the facility to which he is confined (*see, Matter of Salahuddin v Coughlin*, 222 AD2d 950, *lv denied* 88 NY2d 806, *cert denied* 519 US 937) and has no statutory or constitutional right to a prison job (*see, Matter of Semkus v Coughlin*, 139 AD2d 868, 869, *lv denied* 72 NY2d 808). Moreover, monetary relief in the form of back pay is not recoverable in the context of this CPLR article 78 proceeding (*see, Matter of Sabo v Racette*, 124 AD2d 920, 921). Finally, we find no procedural irregularities or evidence of retaliation with

respect to petitioner's removal from his program assignment. Petitioner's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.