2000 Utah Ct. App. 65

**STATE of Utah, Plaintiff and Appellant,**

v.

**Daniel Cruz PEREZ, Defendant and Appellee.**

No. 990470–CA.

Court of Appeals of Utah.

March 9, 2000.

Jan Graham, Attorney General, and Scott Keith Wilson, Assistant Attorney General, Salt Lake City, for Appellant.

Margaret P. Lindsay, Aldrich, Nelson, Weight & Esplin, Provo, for Appellee.

Before JACKSON, Associate P.J., and BENCH, and BILLINGS, JJ.

OPINION

BILLINGS, Judge:

¶ 1 Defendant Daniel Cruz Perez (Defendant) was charged with damaging a jail, a third degree felony under Utah Code Ann. § 76–8–418 (1999), and bound over to district court for trial. Defendant moved to quash the bindover and to dismiss the charge on grounds that scratching a word on a holding cell door did not constitute "damage" to the jail. The district court granted Defendant's

motion and the State appeals. We reverse and remand.

## FACTS

¶ 2 Defendant was arrested and booked into the Utah County Jail. Because he refused to cooperate during the booking process, Defendant was placed into a holding cell. When later removing Defendant from the holding cell, the booking officer noticed that Defendant was holding two keys and a penny. The officer also saw that a four-letter obscenity had been scratched into the back door of the cell in letters four to six inches high. The cell door required two coats of paint to cover the scratches. Defendant was charged with one count of damaging a jail, a violation of Utah Code Ann. § 76–8–418 (1999).

¶ 3 At his preliminary hearing, Defendant moved to have the charges dismissed on grounds that the scratches on the cell door did not constitute "damage" under section 76–8–418. That motion was denied, and Defendant was bound over for trial. Defendant moved the district court to quash the bindover and dismiss the charges, again arguing that scratches in a door do not constitute damage under the statute. The district court granted Defendant's motion, and the State appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 At issue is whether the district court erred by ruling that scratching an obscenity into the paint of a jail cell door does not constitute damage to a jail under Utah Code Ann. § 76–8–418 (1999). We review the district court's interpretation of section 76–8–418 for correctness. *See State v. Jaimez,* 817 P.2d 822, 826 (Utah Ct.App.1991).

1. In keeping with prior case law, we refer to the statute as the "injury to a jail" statute. Amendments to the statute in 1996 substituted "A person" for "Every person" and "destroys, floods, or otherwise damages" for "or otherwise destroys or injures." *See* Utah Code Ann. § 76–8–418 (1999) amend. notes.

## ANALYSIS

¶ 5 The injury to a jail statute[1] provides: "A person who willfully and intentionally breaks down, pulls down, destroys, floods, *or otherwise damages* any public jail or other place of confinement is guilty of a felony of the third degree." Utah Code Ann. § 76–8–418 (1999) (emphasis added). The district court found that scratching an obscenity into a cell door does not constitute "damage" under the statute because scratching a door is not comparable to the enumerated acts in the statute and is not a "substantial injury" to the facility. We conclude that the trial court incorrectly interpreted section 76–8–418 and hold that "damage" under the statute encompasses any damage to a jail.

■ ¶ 6 "When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Evans v. State,* 963 P.2d 177, 184 (Utah 1998) (citations omitted). Additionally, we interpret Utah's criminal code "according to the fair import of [its] terms." Utah Code Ann. § 76–1–106 (1999); *see also State v. Jaimez,* 817 P.2d 822, 826 (Utah Ct.App.1991) (interpreting injury to jail statute).

¶ 7 We have twice before interpreted the injury to a jail statute. In *Jaimez,* the defendant and other prisoners caused the toilets in their cell to overflow, and the ensuing flood damaged a squad room located below the cell block. *See* 817 P.2d at 823–24. The defendant argued that he was entitled to a jury instruction on the lesser included offense of criminal mischief.[2] We held that the defendant was not entitled to an instruction on criminal mischief because "[i]n the present case, *any damage* to the facility amounted to an injury.... Therefore, there is no interpretation of the evidence that would rationally allow for acquittal of injury to a jail and, at the same time, allow for a conviction of criminal mischief."[3] *Jaimez,* 817 P.2d at 827 (emphasis added).

2. Criminal mischief includes intentionally damaging, defacing, or destroying the property of another, and the penalty for criminal mischief varies depending upon the value of the damage caused. *See* Utah Code Ann. § 76–6–106 (1999).

3. The defendant also argued that he had not violated the damage to a jail statute because the flood had primarily damaged the squad room

¶ 8 Defendant argues that *Jaimez* adopts a case-by-case approach to determining whether damage inflicted upon a jail is substantial enough to fall under section 76–8–418. However, we expressed a contrary view in *State v. Pharris*, 846 P.2d 454 (Utah Ct.App.1993). In *Pharris*, the defendant flooded his solitary confinement cell, resulting in minor damage to a generator located in a room below, and broke a weld holding his bunk to the wall of his cell. *See id.* at 457. Like the defendant in *Jaimez*, the defendant in *Pharris* requested a jury instruction on the lesser included offense of criminal mischief. *See id.* at 467. However, we held that the defendant was not entitled to an instruction on criminal mischief. *See id.* at 468.

¶ 9 The defendant in *Pharris* also argued that the injury to a jail statute was unconstitutionally vague. *See* 846 P.2d at 465–66. We found the statute constitutional, holding that the statute put the defendant on notice that damaging his bunk and flooding the generator would result in a felony conviction. *See id.* at 466. In so holding, we noted that, under our opinion in *Jaimez*, "the statutory language includes 'any damage to the facility' within the plain meaning of 'injury.'" *Id.* (quoting *Jaimez*, 817 P.2d at 827) (footnote omitted).

¶ 10 We conclude that section 76–8–418, construed according to the fair import of its terms, encompasses any damage to a jail; the statute thus imposes no requirement that the damage be substantial. Additionally, the damage need not impair the functioning of the jail. Although we noted in *Pharris* that the defendant's acts had damaged "portions of the jail facility that are essential to its functioning," *id.*, that language was directed to the scope of the term "jail" and not the term "damages." *See id.* Therefore, we decline to read into the statute any requirement that the State show the damage impaired the jail's function.[4]

¶ 11 Finally, we do not read into the statute any requirement that the damage inflicted be of the same magnitude as those types of damage enumerated in the statute. Defendant argues that, under the doctrine of *ejusdem generis*, the term "otherwise damages" should be restricted to damage of the same severity as those types of damage specifically enumerated in the statute. Defendant primarily relies upon *In re J.L.S.*, 610 P.2d 1294 (Utah 1980). In that case, the defendant was convicted of forcible sexual abuse for grabbing the clothed breasts of his victim. *See id.* at 1294. Under the relevant statute,

> A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, the actor touches the anus or any part of the genitals of another, *or otherwise takes indecent liberties* with another.

*Id.* at 1295 (emphasis added). Interpreting the forcible sexual abuse statute, our supreme court stated:

> The use of the disjunctive in combination with term "otherwise" is indicative of an intent to proscribe the type of conduct of equal gravity to that interdicted in the first part, although the acts are committed in a different way or manner than that set forth in the first part.

*Id.*

¶ 12 Defendant argues that this court is bound to apply the same statutory construction to the injury to a jail statute because its structure is similar to the statute construed in *J.L.S.* However, the court in *J.L.S.* looked to the enumerated acts in the forcible sexual abuse statute only because it found the term "indecent liberties" ambiguous and unconstitutionally vague unless "considered as referring to conduct of the same

and not the jail cell. *See Jaimez*, 817 P.2d at 826. We rejected that argument, reasoning that the squad room was part of the jail. *See id.* at 826–27.

4. We note that the Legislature amended the injury to a jail statute after our opinion in *Pharris* was published. *See* Utah Code Ann. § 76–8–418 (1999) amend. notes. Were the Legislature concerned about the reasoning announced in *Pharris*, no such concern is evident in the amendment. Indeed, rather than narrowing the scope of the statute due to concern about the reasoning in *Pharris*, the Legislature expanded the statute's scope to ensure that similar flooding episodes would not go unpunished. *See supra* note 1.

magnitude of gravity as that specifically described in the statute." *Id.* at 1296. By contrast, the term "damages" in the injury to a jail statute suffers no such infirmity. *See Pharris,* 846 P.2d at 466 (holding injury to a jail statute constitutional against due process challenge for vagueness). Furthermore, the use of the doctrine of *ejusdem generis* is not appropriate to restrict the meaning of an unambiguous term. *See Great Salt Lake Auth. v. Island Ranching Co.,* 18 Utah 2d 45, 414 P.2d 963, 966 (1966) (noting that *ejusdem generis* was "developed to aid in determining the intent of legislation where meaning is obscure or uncertain"). We therefore need not refer to the specifically enumerated offenses in the statute to define the term "damages."

## CONCLUSION

¶ 13 Section 76–8–418 criminalizes intentional or willful acts resulting in any damage to a jail. Therefore, one may be prosecuted under the statute for intentionally or willfully scratching a four-letter obscenity into the door of a cell. The district court therefore erred by quashing the bindover and dismissing the charges against Defendant. We therefore reverse and remand for further proceedings consistent with this opinion.

¶ 14 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, and RUSSELL W. BENCH, Judge.