2004 UT App 312

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kasey L. BURGESS–BEYNON, Defendant and Appellant.**

**No. 20030454–CA.**

Court of Appeals of Utah.

Sept. 10, 2004.

D. Bruce Oliver, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Defendant Kasey L. Burgess–Beynon appeals the trial court's order denying her motion to quash bindover on the charge of damaging a jail pursuant to Utah Code section 76–8–418 (damaging jails statute). *See* Utah Code Ann. § 76–8–418 (2002). Defendant argues that the trial court misinterpreted "other place of confinement" in the damaging jails statute to include a police vehicle. *Id.* We affirm.

## BACKGROUND

¶ 2 On January 31, 2002, Defendant was arrested for driving under the influence of alcohol. Defendant was taken into custody and placed in the backseat of the arresting officer's vehicle. Defendant became angry and kicked out the rear window of the police vehicle.

¶ 3 Defendant was charged with (1) damaging a jail, a third degree felony; as well as (2) driving under the influence of alcohol, (3) interference with an arresting officer, (4) driving without insurance, and (5) disorderly conduct, all class B misdemeanors. After the preliminary hearing, Defendant was bound over on all but the disorderly conduct charge.

¶ 4 On June 21, 2002, Defendant filed a motion to quash the bindover of the damaging a jail charge. After a hearing, the trial court denied the motion. Defendant entered a conditional guilty plea, in accordance with *State v. Sery,* 758 P.2d 935, 938–39 (Utah Ct.App.1988), to the damaging a jail charge in return for the State dismissing the remaining counts. Defendant was given a suspended sentence of zero-to-five years in prison, a fine, and thirty-six months probation. Defendant appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 At issue is whether the district court erred by ruling that a police vehicle is an "other place of confinement" under Utah Code section 76–8–418. Utah Code Ann. § 76–8–418 (2002). "We review the district court's interpretation of section 76–8–418 for correctness." *State v. Perez,* 2000 UT App 65, ¶ 4, 999 P.2d 579.

## ANALYSIS

¶ 6 The damaging jails statute provides: "A person who willfully and intentionally breaks down, pulls down, destroys, floods, or otherwise damages any public jail or other place of confinement is guilty of a felony of the third degree." Utah Code Ann. § 76–8–418. The trial court ruled that the plain language "other place of confinement" indicates that the statute applies to more than just jail or prison. *Id.*

¶ 7 While we have interpreted other portions of the damaging jails statute, *see Perez,* 2000 UT App 65 at ¶¶ 10–13, 999 P.2d 579; *State v. Pharris,* 846 P.2d 454, 466 (Utah Ct.App.1993); *State v. Jaimez,* 817 P.2d 822, 826–27 (Utah Ct.App.1991), we have not yet interpreted "other place of confinement." Utah Code Ann. § 76–8–418. " 'When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve.' " *Perez,* 2000 UT App 65 at ¶ 6, 999 P.2d 579 (quoting *Evans v. State,* 963 P.2d 177, 184 (Utah 1998)). We interpret statutes according to their plain meaning and "look beyond the plain language only if we find some ambiguity." *State v. Burns,* 2000 UT 56, ¶ 25, 4 P.3d 795. Furthermore, it is a " 'fundamental principle of statutory construction (and ... of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.' " *State v. Hunt,* 906 P.2d 311, 313 (Utah 1995) (quoting *Deal v. United States,* 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993)).

¶ 8 Defendant argues that "other place of confinement," Utah Code Ann. § 76–8–418,

should be limited to "a jail, prison, or other penal ... facility" where "an accused person is committed as an inmate." However, there is nothing in the plain language of the damaging jails statute that limits "other place of confinement" in this manner. *Id.*

¶ 9 The plain meaning of "confinement" is the state of being physically contained within some type of boundary. Furthermore, reading "other place of confinement" in context with the rest of the statute, i.e. "any public jail," it seems consistent that the statute applies to places of confinement controlled by a governmental authority and used in the detention of suspected criminals. Utah Code Ann. § 76–8–418; *see also Hunt*, 906 P.2d at 313 (noting that in statutory interpretation, the meaning of a word is determined from the context in which it is used). A police vehicle can be a place of confinement for the detention and transportation of individuals arrested for criminal activity.

¶ 10 In addition, other jurisdictions have held that a police vehicle may act as a temporary jail. For example, in *State v. Torgrimson*, 637 N.W.2d 345 (Minn.Ct.App.2002), the court held that a defendant has no reasonable expectation of privacy in a police vehicle because "the back seat of the vehicle can act

as the equivalent of a temporary jail cell." *Id.* at 350. We agree.

¶ 11 This reading of the damaging jails statute is consistent with the legislative intent to punish criminals who damage public property during their confinement. Accordingly, we hold that the trial court did not err in interpreting "other place of confinement," Utah Code Ann. § 76–8–418, to include a police vehicle,[1] and we therefore affirm.

## CONCLUSION

¶ 12 We hold that the plain language of "other place of confinement" in the damaging jails statute includes confinement within a police vehicle. Utah Code Ann. § 76–8–418. Accordingly, we affirm.

¶ 13 I CONCUR: WILLIAM A. THORNE JR., Judge.

¶ 14 I CONCUR IN THE RESULT: JAMES Z. DAVIS, Judge.

---

1. We note the narrow factual nature of our holding. We hold only that where a person has been arrested and placed in a police vehicle and then damages the vehicle while confined in it, that person can be found guilty of violating the damaging jails statute.