UNITED STATES of America,
Appellee,

v.

Mohamed KAID, also known as Jimmy, also known as Mohamed Qayed, also known as Mohamed Mosaid, Ali Kaid, also known as Abdo Hussein, also known as Abdul, Page Martin, Mohamed Abuhamra, also known as Mike, Ali Abuhamra, also known as Ali Mosed, also known as Ali Bailey, Abdo Alawi, also known as Sam 2, also known as Hamood, Saleh Abdullah, also known as Sam 1, Hamada Awedi, also known as Mike, Nader Hamdan, also known as Nick, Hussain Berro, also known as Sam, Harris Barnett, also known as Alex, Fadi Haydous, also known as Freddy, Mohamed Almozahmi, also known as Red Fanny, Richard Emke, Kirk Snyder, A.D. Bedell Company, Inc., Shoaib Kaaid Alhajaji, also known as High Street John, Ali Al–Fiasaly, Ahmed Nasir, also known as Shubwa, Ahmed Alshubili, also known as Little Shubwa, Menal Mikha, Sam Daniel, Nabil Abdullah, Mohamed Abdullah, Mohamed Odefa, also known as Ottifa, Nagib Aziz, also known as Nico, Khaled Aljeman, also known as Speedo, Ali Abuhamra Jr., also known as Ali Mosed, also known as Ali Bailey, Defendants,

Aref Ahmed, Rmzy Abdullah, Azzeaz Saleh, Mohamed Abuhamra, also known as Mike, Nagib Aziz, also known as Nico, Defendants–Appellants.

Nos. 05–4470–cr (L), 05–4481–cr (CON), 05–4685–cr (CON), 05–6993–cr (CON), 06–0229–cr (CON), 06–0537–cr (CON).

United States Court of Appeals,
Second Circuit.

Sept. 12, 2007.

See also 502 F.3d 43.

Stephan J. Baczynski, James P. Kennedy, Jr., Assistant United States Attorneys, for Appellee Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y.

Herbert L. Greenman, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, Buffalo, N.Y., for Defendant–Appellant Aref Ahmed; Thomas Theophilos, Law Offices of John Pieri, Buffalo, N.Y., for Defendant–Appellant Rmzy Abdullah; Jeremy D. Schwartz, Eoannou, Lana & D'Amico, Buffalo, N.Y., for Defendant–Appellant Azzeaz Saleh; Jeremy Gutman (Maria G. Giordano, on the brief), New York, N.Y., for Defendant–Appellant Mohamed Abuhamra; Michael G. O'Rourke, Buffalo, N.Y., for Defendant–Appellant Nagib Aziz.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Aref Ahmed, Rmzy Abdullah, Azzeaz Saleh, Mohamed

Abuhamra, and Nagib Aziz appeal from their convictions and sentences for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and trafficking in contraband cigarettes, in violation of 18 U.S.C. § 2342. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Between them, Appellants raise nine distinct issues: (1) whether the federal prosecutions were effectively foreclosed by New York's policy of not enforcing its cigarette tax on non-Native Americans purchasing cigarettes on Indian reservations; (2) whether there was legally sufficient evidence to convict Abuhamra of conspiracy to commit money laundering; (3) whether the government's failure to inform Ahmed of its intent to secure in-court identification by two witnesses necessitated a mistrial; (4) whether the court below erred in instructing the jury on variance dates; (5) whether the absence of Saleh's attorney during a twenty-minute portion of the trial deprived Saleh of the effective assistance of counsel; (6) whether the fact that the court below, in determining the tax loss calculations in order to set the base offense levels, used data that was in part flawed warrants resentencing; (7) whether the court below abused its discretion in applying Sentencing Guidelines enhancement provisions to Aziz and Abuhamra; (8) whether Abdullah's sentence was substantively reasonable; and (9) whether portions of Ahmed's Pre–Sentence Report should have been redacted. In this order, we address all of the claims except Saleh's ineffective assistance of counsel claim, which we address in a separate opinion, and Abdullah's challenge to the reasonableness of his sentence, which we need not reach in light of our decision to remand for resentencing on other grounds.

■ (1) Federal law prohibits the states from taxing cigarettes sold on Native American reservations to Native Ameri-cans, but allows state taxes to be imposed on non-Native American consumers on reservations. *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation,* 425 U.S. 463, 475–83, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). New York law provides for taxes on non-Native Americans purchasing cigarettes in stores on reservations, but New York has a policy of non-enforcement of this tax. *N.Y. Ass'n of Convenience Stores v. Urbach,* 92 N.Y.2d 204, 213–14, 677 N.Y.S.2d 280, 699 N.E.2d 904 (N.Y.1998). Ahmed and Abuhamra assert that this non-enforcement policy "effectively 'de-taxed' sales of cigarettes to non-Native Americans on reservation land," thereby negating the element of "contraband" necessary to a conviction for trafficking in contraband cigarettes under 18 U.S.C. §§ 2341–42. This argument is meritless. While it appears that New York does not enforce its taxes on small quantities of cigarettes purchased on reservations for personal use by non-Native Americans, nothing in the record supports the conclusion that the state does not demand that taxes be paid when, as in this case, massive quantities of cigarettes were purchased on reservations by non-Native Americans for resale. Appellants' claim that they believed these cigarettes to have been "effectively 'de-taxed' " is further belied by their active efforts, including the use of police scanners, to evade official detection.

■ Appellants' claims that taxing cigarette sales made on reservations to non-Native Americans violates the Treaty with the Seneca, May 20, 1842, 7 Stat. 586, 590 (1842), or New York Indian Law § 6 (McKinney 2000), are equally unavailing. Both the treaty and the New York statute clearly prohibit only the taxation of real property, not chattels like cigarettes. *See Snyder v. Wetzler,* 193 A.D.2d 329, 603 N.Y.S.2d 910, 912–13 (N.Y.App.Div.1993),

*aff'd*, 84 N.Y.2d 941, 620 N.Y.S.2d 813, 644 N.E.2d 1369 (N.Y.1994).

■ (2) Abuhamra asserts that there was insufficient evidence to convict him of conspiracy to commit money laundering. " '[A] defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a "heavy burden," because we must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor.' " *United States v. Lombardozzi*, 491 F.3d 61, 67 (2d Cir.2007) (quoting *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004)). We reverse only if no reasonable factfinder could have found Appellant guilty beyond a reasonable doubt. *Id.* Given the sheer quantity of cigarettes purchased by Appellant and the number of such purchases, a reasonable jury could easily have concluded that he was selling them for a profit and putting at least some of the proceeds back into the smuggling operation. In other words, a jury could reasonably have found that he knowingly undertook financial transactions involving the proceeds of an unlawful activity with the intent to promote the carrying on of the unlawful activity—i.e., money laundering. 18 U.S.C. § 1956(a)(1). Moreover, the evidence of repeated interactions between Abuhamra and several of his co-defendants sufficed to permit a reasonable jury to conclude that he had joined with them in a common money laundering scheme—i.e., that he was part of a conspiracy. *See Salinas v. United States*, 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997).

■ (3) At trial, the Government attempted to introduce into evidence two in-court identifications of Ahmed, which had not been disclosed to him in response to his discovery motion. In both instances, the court below denied defense counsel's motion for a mistrial, but struck the evidence from the record and instructed the jury to disregard it. We review a trial court's denial of a motion to declare a mistrial for abuse of discretion. *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir.1995). In conducting this review, we assume " 'that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be "devastating" to the defendant.' " *United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir. 1994) (quoting *Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)) (internal citations omitted). Here, there is no indication that the jury was unable to follow the court's instructions to disregard the evidence or that the evidence was particularly devastating. The record strongly suggests that the jurors never saw one piece of stricken evidence (a poster-board with Appellant's picture on it); other witnesses had already identified Appellant before the jury, and the fact that Appellant was acquitted on some charges indicates that the jury was not unfairly prejudiced. *See United States v. Miller*, 116 F.3d 641, 683 (2d Cir.1997); *United States v. Myerson*, 18 F.3d 153, 163 (2d Cir.1994).

(4) In response to a jury question, the district court instructed that the law "only requires a substantial similarity between the dates alleged in the indictment and the dates established by testimony or exhibits." Ahmed challenges this charge. Our cases are clear that the court below was correct in so charging the jury. *United States v. Patino*, 962 F.2d 263, 266 (2d

Cir.1992); *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir.1987).

■ (5) As noted above, we address Saleh's ineffective assistance of counsel claim in a separate opinion.

■ (6) The Sentencing Guidelines provide for different base offense levels depending on the amount of tax evaded. U.S.S.G. §§ 2E4.1, 2T4.1. Ahmed, Abdullah, and Abuhamra challenge the district court's calculation of the amount of tax evaded by each. The forensic auditor who determined how much tax loss to attribute to each defendant relied on a list provided by prosecutors and government investigators to link coded invoices with particular defendants. In accepting the forensic auditor's calculations, the district court found credible testimony intended to link certain invoices with certain defendants. That finding was not clearly erroneous. It is undisputed, however, that the government told the forensic auditor to link certain invoice codes with certain defendants in some circumstances where such links were not supported by the aforementioned testimony or any other record evidence.

■ Despite these conceded errors, the Government asserts that only Abuhamra's sentence should be vacated. It submits that Ahmed's challenge to his sentence is moot because he has finished serving his prison sentence. We note, however, that he was ordered to pay restitution in the amount of tax loss attributed to him. Insofar as that calculation was mistaken, he may owe less restitution. The issue is therefore not moot, and his sentence must be vacated.

■ The Government also concedes that Abdullah's base offense level was improperly calculated, but points to the court below's statement that, "if it is later determined that the Court incorrectly determined the offense level, it would under 18 U.S.C. 3553(a) impose the same sentence in this case, because of the seriousness of the offense, and the need for adequate punishment and deterrence." The Government contends that this is sufficient reason not to vacate Abdullah's sentence. Our decision in *United States v. Rattoballi*, 452 F.3d 127 (2d Cir.2006), however, indicates that an assertion that the sentence would have been the same absent error must be supported by reasons specific to the defendant before the court. *Id.* at 134–35. Relying on that authority, which we recognize post-dates Abdullah's judgments of conviction, we therefore vacate his sentence to afford the district court an opportunity to satisfy *Rattoballi*'s dictates.

■ (7) Abuhamra and Aziz challenge the district court's application of the Sentencing Guidelines enhancement provisions. Abuhamra received a two-level enhancement, pursuant to U.S.S.G. § 2S1.1(b)(2)(B), for his conviction for conspiracy to launder money, and a two-level enhancement, pursuant to U.S.S.G. § 3B1.4, for the use of a minor in the commission of the crime. Appellant objects to the former on the grounds that there was insufficient evidence to convict him of conspiracy to launder money, but this contention has already been rejected above. At trial, a video was shown of Abuhamra's son, then age six or seven, carrying boxes of contraband cigarettes and loading them into a truck with his father. Appellant argues that his son was too young to know what he was doing and therefore could not have had the requisite *mens rea* to commit a crime. This argument is beside the point: the enhancement is to Appellant's sentence, not his son's,

and the fact that his son was too young to know what he was doing all the more strongly supports such an enhancement for Abuhamra. *See United States v. Gaskin,* 364 F.3d 438, 464 (2d Cir.2004).

■ Aziz received a two-level enhancement, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, and a seven-level enhancement, pursuant to U.S.S.G. § 5K2.21, for complicity in the aggravated beating and robbery of a fellow cigarette smuggler. Aziz asserts that the government did not meet its burden of proof on the obstruction enhancement. We review this sufficiency challenge for clear error, *United States v. Canova,* 412 F.3d 331, 356 (2d Cir.2005), and find none. Appellant also contends that, even if the testimony introduced in support of this enhancement is true, it does not show obstruction because his actions did not interfere with the Government's prosecution. This argument misunderstands obstruction in the context of sentence enhancement under U.S.S.G. § 3C1.1, which exists even where the accused's conduct "ha[s] the *potential* to impede ... the imposition of an appropriate sentence." *United States v. McKay,* 183 F.3d 89, 95 (2d Cir.1999) (emphasis added). The evidence introduced was more than sufficient to show such potential.

■ Aziz challenges the sufficiency of the evidence supporting the enhancement of his sentence due to his aggravated beating and robbery of a fellow cigarette smuggler. This contention is frivolous. He also challenges the magnitude of the enhancement. The court below arrived at a seven-level enhancement by analogizing the beating and robbery here to a Hobbs Act violation, 18 U.S.C. § 1951. For a conviction under the Hobbs Act involving bodily injury, physical restraint, carjack-ing, and a loss exceeding $10,000, the Guidelines prescribe a seven-level enhancement. *See* U.S.S.G. § 2B3.1(b)(3)–(7). We find the analogy to the Hobbs Act reasonable and the calculations correct.

(8) Abdullah challenges the substantive reasonableness of his sentence. Because we have vacated his sentence and remanded for resentencing on other grounds, we do not reach this issue.

■ (9) Ahmed asserts that portions of his Pre–Sentence Report ("PSR") should have been redacted. The court below asserted that the portion that Ahmed wants redacted did not affect its sentence, and Appellant does not challenge this assertion. Appellant makes a vague claim that the fact that the PSR was provided to the Bureau of Prisons "acted to Appellant's detriment." Appellant, however, is no longer in the custody of the Bureau of Prisons, and this contention is therefore moot.

Accordingly, the judgment of the district court is VACATED and the cases are RE-MANDED for the resentencing of Ahmed, Abdullah, and Abuhamra. Saleh's ineffec-tive assistance of counsel claim will be dealt with by separate opinion. In all other respects, the judgment of the district court is AFFIRMED.