**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40291**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 60 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BENJAMIN PATRICK DUGAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. John K. Butler, District Judge.

Judgment of conviction for injuring jails, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Benjamin Patrick Dugan appeals from his judgment of conviction entered upon his conditional guilty plea to the crime of injuring jails. Specifically, Dugan argues the district court erred by denying his motion to dismiss. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

The facts of this case are undisputed. After being ordered to serve thirty days in the county jail in a separate case, Dugan was transported from the courthouse to the jail in a police vehicle. While in transport, Dugan caused damage to the police vehicle, and an information was filed that charged Dugan with the crime of injuring jails, Idaho Code § 18-7018. Dugan filed a motion to dismiss, contending that the statute did not apply to Dugan's alleged conduct. The State filed a memorandum, opposing the motion to dismiss. After a hearing, the district court denied the motion. Dugan entered a conditional guilty plea, reserving the right to appeal the

1

district court's denial of his motion to dismiss, and the district court issued a judgment of conviction upon Dugan's conditional guilty plea. Dugan appeals.

## II.

## ANALYSIS

This case presents an issue of first impression in Idaho of whether a defendant may be charged with a violation of the damage-to-jails statute when the defendant causes damage to the inside of a police vehicle. The statute criminalizes the willful and intentional breaking down, pulling down, or otherwise destroying or injuring of "any public jail or other place of confinement." Idaho Code § 18-7018. Dugan argues that the plain meaning of place of confinement is "a location that houses prisoners, such as a jail or correctional facility." Accordingly, Dugan contends that the State lacked probable cause to charge him with a violation of the damage-to-jails statute. In the alternative, Dugan contends that if the statute is ambiguous, the legislature did not intend to include police vehicles within the meaning of place of confinement and that we must interpret the statute in Dugan's favor, by way of the rule of lenity. The State asserts that the plain meaning of the statute includes a police vehicle as a place of confinement. The district court held that the plain language, "place of confinement," meant a "physical environment or surrounding that is intended to imprison or restrain someone."

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Dugan maintains that the plain meaning of place of confinement "is a location that houses prisoners, such as a jail or correctional facility." Dugan cites three Idaho statutes in support of his argument: Idaho Code §§ 18-212, 20-242, and 20-604. In context, the statutes narrowly refer to certain places. Idaho Code § 18-212 references a defendant who has escaped from the place where he was committed (because he was unfit to proceed) and authorizes a court to issue

2

an order allowing certain people to take the defendant into custody and return the defendant to the place where he was committed. Idaho Code § 20-242 applies to a prisoner in the custody of the state board of correction who is permitted to continue employment or education and who fails to return to the jail, facility, or residence that he was required to return to. The remaining statute, Idaho Code § 20-604, uses "other confinement facility" to refer to a place where a district judge or magistrate has ordered a person confined or detained. Dugan also cites *United States v. Parks*, 620 F.3d 911 (8th Cir. 2010), *Stephens v. Central Office Review Committee of New York State Department of Correctional Services*, 683 N.Y.S.2d 137 (N.Y. App. Div. 1998), and New York Correction Law § 158 (McKinney 2013). *Parks*, which has since been overruled, cites to Missouri escape statutes that limit the definition of place of confinement. *Stephens* has no relevance to the issue presented here. The New York statute, N.Y. Correct. Law § 158, limits the definition of place of confinement. In short, all of the relevant statutes and cases cited by Dugan narrow the meaning of place of confinement either expressly or in context.

Here, looking at the plain, obvious, and rational meaning of the damage-to-jails statutory language, *Burnight*, 132 Idaho at 659, 978 P.2d at 219, we conclude that the statute does not narrow the meaning of place of confinement and hold that the police vehicle was a place of confinement. Confinement means "the act of confining or state of being confined . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 476 (1993); *accord* BLACK'S LAW DICTIONARY 318 (8th ed. 2004) ("The act of imprisoning or restraining someone; the state of being imprisoned or restrained."). Confine means, in relevant part, "to keep to a certain place or to a limited area." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 476 (1993). Accordingly, the plain, obvious, and rational meaning of place of confinement is a space where a person is kept restrained. As used in the damage-to-jails statute, place of confinement refers to a space where a person is kept restrained by government authority. This definition does not rule out a police vehicle. Rather, as the Eighth Circuit stated in addressing privacy within a police car, the police car "is essentially the trooper's office, and is frequently used as a temporary jail for housing and transporting arrestees and suspects." *United States v. Clark*, 22 F.3d 799, 801-02 (8th Cir. 1994). In this case, the police vehicle was used to confine Dugan while he was transported from the courthouse to the county jail. In essence, the police vehicle was used as a temporary jail and was, thus, a place of confinement subject to the damage-to-jails statute.

Our holding is also consistent with a Utah court's interpretation of its damage-to-jails statute, which is similar to Idaho's statute.[1] In *State v. Burgess-Beynon*, 99 P.3d 383 (Utah Ct. App. 2004), the Utah Court of Appeals addressed whether a police vehicle is an "other place of confinement" under the Utah damage-to-jails statute. The Utah court determined that the plain language of its statute included a police vehicle. *Id.* at 385.

We conclude that Idaho's damage-to-jails statute includes a police vehicle as an "other place of confinement" when the person is confined in the vehicle.[2] Accordingly, the district court did not err in its interpretation of the statute. Therefore, Dugan's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1] The Utah damage-to-jails statute applicable at the time of *State v. Burgess-Beynon*, 99 P.3d 383 (Utah Ct. App. 2004) stated:

> A person who willfully and intentionally breaks down, pulls down, destroys, floods, or otherwise damages any public jail or other place of confinement is guilty of a felony of the third degree.

Utah Code Ann. § 76-8-418.

> Idaho's damage-to-jails statute currently provides:

> Every person who wilfully and intentionally breaks down, pulls down or otherwise destroys or injures any public jail or other place of confinement, is punishable by fine not exceeding $10,000, and by imprisonment in the state prison not exceeding five years.

Idaho Code § 18-7018.

[2] Having determined that the statutory language is not ambiguous, we need not address Dugan's alternative argument that the rule of lenity should apply if the statutory language were ambiguous.